<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHANNON NICOLE ETHRIDGE,<br><br>Plaintiff,<br><br>v.<br><br>HAKEEM ALI RAHMAN,<br>a/k/a ERIC JEROME BOATWRIGHT,<br><br>Defendant. | Civil Action No. 23-01441 (GC) (JBD)<br><br>**MEMORANDUM OPINION** |

<u>**CASTNER, District Judge**</u>

Plaintiff Shannon Nicole Ethridge is a resident of Trenton, New Jersey, proceeding *pro se* against Defendant Hakeem Ali Rahman, whose birth name is allegedly Eric Jerome Boatwright. (ECF No. 1.[1]) Plaintiff filed an application to proceed *in forma pauperis* ("IFP") on March 14, 2023, together with her Complaint against Defendant. (ECF Nos. 1 & 1-2.) For the reasons stated below, Plaintiff's IFP application is **DENIED** and her Complaint is **DISMISSED** without prejudice. Plaintiff will be given thirty (30) days to file an amended Complaint with a new IFP application.

**I.      BACKGROUND**

The following facts are taken from the Complaint and its exhibits and are accepted as true only for the purposes of screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2).

---

[1]      Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

Plaintiff and Defendant were married on September 17, 2021, and Plaintiff filed for divorce on March 14, 2023. (ECF Nos. 1-13 & 1-28.) Plaintiff also filed the present Complaint on March 14, 2023, using a form for *pro se* litigants asking her to provide information as to the nature of her claims. (ECF No. 1.) Plaintiff did not provide a basis for federal court jurisdiction in Section II of the form. (*Id.* at 2-3.)

Plaintiff claims she was bullied, lied to, and forced to say and do things against her will by Defendant. (*Id.* at 3.) Plaintiff writes, "I had my children illegally moved from my custody and care." (*Id.*) She alleges "mental and emotional abuse and [that she was] forced to drop a restraining order that I didn't want to drop," and "I've been forced to attend an anger management program that I'm currently attend[ing]." (*Id.*) Furthermore, Plaintiff writes: "I [went] through a miscarriage in the past by [Defendant]. I've had bruises on my neck[,] arm[s] and legs by [Defendant]. I've had telephones destroyed and [mace] sprayed on me while being pregnant in the past by [Defendant][.] I've even had things throw[n] at me." (*Id.* at 4.) Plaintiff proceeds to note that Defendant rescheduled medical appointments for their two children to keep Plaintiff from them. (*Id.* at 3-4.) Additionally, Plaintiff alleges that Defendant had a third-party female put "false restraining orders" on Plaintiff and report Plaintiff to the New Jersey Department of Child Protection and Permanency. (*Id.* at 3.) Plaintiff also alleges that Defendant has not been around the children since December 20 (though she does not state the year she is referencing). (*Id.* at 4.) It is unclear what occurred on that date.

Plaintiff ambiguously reports the above events "apparently" occurring at her home address in Trenton, and some "supposedly" at the Trenton Police Headquarters. (*Id.* at 3.) Plaintiff cites the following dates of recent events giving rise to her claim: February 24, 2023, as well as March 3, 5, and 6, 2023. (*Id.*) It is unclear what events occurred on these precise dates. For relief,

Plaintiff requests custody of her children. (*Id.* at 4.) It is not clear where Plaintiff's children are now, and what, if anything, has previously occurred in state court.

## II.   LEGAL STANDARD

### A. *In Forma Pauperis*

To proceed *in forma pauperis* under 28 U.S.C. § 1915(a), a plaintiff must file an affidavit that states all income and assets, inability to pay the filing fee, the "nature of the action," and the "belief that the [plaintiff] is entitled to redress." *See Glenn v. Hayman*, Civ. No. 07-112, 2007 WL 432974, at *7 (D.N.J. Jan 30, 2007); 28 U.S.C. § 1915(a)(1). "In making such an application, a plaintiff must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Keefe v. NJ Dept of Corr.*, Civ. No. 18-7597, 2018 WL 2994413, at *1 (D.N.J. June 14, 2018) (quoting *Simon v. Mercer Cnty. Cmty. Coll.*, Civ. No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb. 9, 2011)).

Once an application to proceed *in forma pauperis* has been granted, the Court is required to screen the complaint and dismiss the action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards. *See* 28 U.S.C. § 1915(e)(2)(B); *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). Indeed, the Court must dismiss any claim, prior to service, that fails to state a claim under which relief may be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6). *See* 28 U.S.C. §§ 1915(e)(2)(B); *Martin v. U.S. Dep't of Homeland Sec.*, Civ. No. 17-3129, 2017 WL 3783702, at *1 (D.N.J. Aug. 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).").

### B. Failure to State a Claim

Although courts construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, *pro se* litigants are still required to "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (citations omitted). "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### C. Rule 8's Pleading Requirements

Rule 8 sets forth general rules of pleading, and requires that a complaint contain:

> (1) [A] short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) [A] short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) [A] demand for the relief sought, which may include relief in the alternative or different types of relief.

[Fed. R. Civ. P. 8(a).]

## III. DISCUSSION

### A. Review of Application to Proceed *In Forma Pauperis*

The *in forma pauperis* application that Plaintiff filed along with her Complaint has many blank sections. (*See generally* ECF No. 1-2.) Plaintiff did not total her monthly income. (*Id.* at 2.) Plaintiff did not fill out the employment history section. (*Id.*) Plaintiff did not report her cash on hand. (*Id.*) Plaintiff did not list her assets and their values. (*Id.* at 3.) Plaintiff did not report

4

entities which owed her money, and the amount owed. (*Id.*) Plaintiff did not list her dependents. (*Id.*) On the section of the form where Plaintiff is asked to estimate her "average monthly expenses," Plaintiff left blank the fields for "Clothing," "Taxes," and "Renter's Insurance." (*Id.* at 4.) Except for the "Rent" and "Food" fields, Plaintiff reports $0 for each item. (*Id.*) She also failed to total her monthly expenses. (*Id.* at 5.) Additionally, if Plaintiff is still married to Defendant, she must fill out the spousal portion of each section. These boxes on the application and other relevant information requested must be completed for this Court to consider whether Plaintiff is in fact indigent.

For these reasons, Plaintiff's IFP application will be denied without prejudice.

**B. Review of Complaint**

The Complaint is deficient under Rule 8 and does not presently state a claim under Rule 12(b)(6). Plaintiff alleges various physical injuries, but no factual detail is provided as to when or how the injuries occurred and how the Defendant was involved. (ECF No. 1 at 3.) There is also no attempt to show how such an injury would give rise to a federal cause of action. Such a spartan pleading prevents the Court from determining whether what is alleged is more than merely conclusory and whether the elements of any claim may be satisfied. *See Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) ("Fundamentally, Rule 8 requires that a complaint provide fair notice of 'what the … claim is and the grounds upon which it rests.'" (citations omitted)). Without further detail, the Court cannot conclude that the Complaint at present adequately states a claim upon which relief can be granted.

*1. Subject Matter Jurisdiction*

Federal courts, unlike state courts, are courts of "limited jurisdiction, possessing 'only that power authorized by Constitution and statute.'" *In re Lipitor Antitrust Litig.*, 855 F.3d 126, 142

5

(3d Cir. 2017), *as amended* (Apr. 19, 2017) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). 28 U.S.C. § 1331 grants federal district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," and 28 U.S.C. § 1332 grants federal district courts original jurisdiction when the parties are citizens of different states and the amount in controversy exceeds $75,000. *See, e.g.*, *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419 (3rd Cir. 2010). Indeed, a district court "must" dismiss an action "[i]f the court determines *at any time* that it lacks subject-matter jurisdiction." Rule 12(h)(3) (emphasis added).

Here, the claims alleged in Plaintiff's Complaint do not appear to establish federal question jurisdiction. Rather, Plaintiff seeks a divorce and custody of her two children. (*See* ECF Nos. 1 & 1-13.) These are not matters "arising under the Constitution, laws or treaties of the United States," and are typically issues of state law. 28 U.S.C. § 1331; *Ankenbrandt v. Richards*, 504 U.S. 689 (1992); *see also Matusow v. Trans-County Title Agency, LLC*, 545 F.3d 241, 245 (3d Cir. 2008) ("[O]nly 'divorce, alimony, and child custody decrees' remain outside federal jurisdictional bounds." (first quoting *Marshall v. Marshall*, 547 U.S. 293, 295 (2006); then quoting *Ankenbrandt*, 504 U.S. at 704)).

Even if Plaintiff pled a state law claim this court could hear, diversity of citizenship would be required for the claim to proceed in federal court. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) ("[U]nless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" (first quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); then quoting *Zambelli*, 592 F.3d at 419 (3d Cir. 2010))). Here, Plaintiff does not assert grounds for diversity of citizenship jurisdiction. The marriage license is the only document containing an address for the Defendant and lists an apartment in Trenton, New Jersey.

(ECF No. 1-28.) That address was reported on September 14, 2021. (*Id.*) The address of the Defendant was left blank on the Complaint, and Plaintiff does not appear to seek monetary damages. (*See* ECF No. 1 at 2-4.) Therefore, there also appears to be no diversity of citizenship.

### 2. *Family Law in Federal Court*

As noted, even if Plaintiff had met the criteria for subject matter jurisdiction, this Court cannot grant the relief she seeks. Federal courts cannot issue a child custody order. *Ankenbrandt*, 504 U.S at 703. The domestic relations exception divests the federal court of power to issue child custody decrees. *Id.* Under this exception to federal jurisdiction, federal courts lack the power to hear certain cases involving questions of family law that fall within the traditional authority of the states. *Id.* The domestic relations exception was first articulated in *Barber v. Barber*, where the United States Supreme Court "disclaim[ed] altogether any jurisdiction in the courts of the United States upon the subject of divorce, or for the allowance of alimony." 62 U.S. 582, 583 (1858). Later, the Court expanded the exception to reach "[t]he whole subject of the domestic relations of husband and wife, parent and child," which, the Court said, "belongs to the laws of the States and not to the laws of the United States." *Ex parte Burrus*, 136 U.S. 586, 593-94 (1890). *Ankenbrandt* then limited the exception to requests for "divorce, alimony, and child custody decrees." 504 U.S. at 703; *Matusow v. Trans-County Title Agency, LLC*, 545 F.3d 241, 245 (3d Cir. 2008) (recognizing the "modern rule" that the issuance of *Ankenbrandt* domestic relations decrees remain outside of federal jurisdictional bounds); *see also Brown v. Brown*, 783 F. App'x 267, 268 (3d Cir. 2019) ("divorce, alimony, and child custody decrees fall under 'domestic relations exception' to federal courts' subject matter jurisdiction" (citation omitted)).

Here, there is no substantial federal question underlying the family law issue presented in the Complaint. Child custody falls within the domestic relations exception to federal jurisdiction.

*Ankenbrandt*, 504 U.S. at 704. Therefore, unless there is some federal cause of action that Plaintiff wants to assert, Plaintiff should seek such relief in New Jersey state court, not federal court.

For the reasons set forth above, the court will *sua sponte* dismiss Plaintiff's Complaint without prejudice. As Plaintiff is proceeding *pro se*, and as a more comprehensive statement may reveal legitimate grounds for relief, Plaintiff will have thirty (30) days to file an amended complaint in conformity with pleading requirements and to amend her *in forma pauperis* application.

## IV. CONCLUSION

For the foregoing reasons, and other good cause shown, Plaintiff's Application to proceed *In Forma Pauperis* (*see* ECF No. 1-2) is **DENIED**, and Plaintiff's Complaint (*see* ECF No. 1) is **DISMISSED** without prejudice. An appropriate Order follows.

Dated: July 20, 2023

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE